08-2930-ag
Li v. Holder

BIA
A073 508 034

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

_____

FANG MEI LI,
> *Petitioner*,

    v.                         08-2930-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]
> *Respondent*.

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, New York.

**FOR RESPONDENT:**     Gregory G. Katsas, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Fang Mei Li, a native and citizen of China, seeks review of a May 30, 2008, BIA order denying her motion to reopen. *In re Fang Mei Li*, No. A073 508 034 (B.I.A. May 30, 2008). Li's motion to reopen was based on her claim that she fears involuntary insertion of an intrauterine device ("IUD") on account of the birth of her U.S. citizen child. For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's conclusion that Li did not demonstrate a change in country conditions sufficient to excuse the untimely filing of her motion to reopen. *See id.* at 168-72. Nor did the BIA err in finding that Li failed to demonstrate her *prima facie* eligibility for relief because

although the evidence she submitted reflected that sterilization and the use of an IUD are mandatory for certain individuals, it did not indicate that those who fail to comply are forcibly sterilized or inserted with an IUD. *See id.* at 172. Subsequent to the BIA's decision in this case, we found permissible the BIA's conclusion that an involuntary IUD insertion is not a *per se* ground for asylum. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30 (2d Cir. 2010).

Finally, contrary to Li's contention, the BIA did not err in concluding that she failed to provide a valid basis for equitably tolling the time limitation applicable to her motion to reopen because she did not assert that extraordinary circumstances prevented her from timely filing her motion. *See Iavorski v. U.S. INS*, 232 F.3d 124, 129 (2d Cir. 2000) ("Equitable tolling applies as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights.") (internal quotation marks and citation omitted).

For the foregoing reasons, this petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk